COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Raphael and White

LEON ANDERSON, S/K/A
 LEON ALEXANDER ANDERSON

MEMORANDUM OPINION*

v.      Record No. 1208-23-2

PER CURIAM
AUGUST 20, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

(Aaron C. Forstie, Senior Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; S. Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


The trial court found Leon Anderson in violation of the terms and conditions of his

probation, revoked his five-year suspended sentence, and resuspended four years, thus imposing an

active sentence of one year. Anderson argues that the trial court erred in imposing an active

sentence because it exceeded that permitted by Code § 19.2-306.1. Having examined the briefs and

the record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a). In addition, "the

dispositive issue or issues have been authoritatively decided," and Anderson "has not argued that

the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b);

Rule 5A:27(b). We find no error and affirm the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND

At a hearing on August 22, 2022, the trial court accepted a plea agreement between the parties and convicted Anderson, upon a nolo contendere plea, of failing to register as a sex offender, a second or subsequent offense. *See* Code § 18.2-472.1(A). The trial court sentenced Anderson to five years of imprisonment, all suspended. Anderson was placed on supervised probation "until released by the [c]ourt or by the [p]robation [o]fficer." Among the court-ordered conditions of his supervision was that he "be subject to electronic monitoring by means of a GPS tracking device."

When Anderson reported for his initial appointment with his probation officer in late August 2022, he was hostile and refused to sign the Sex Offender Special Instructions. Eventually, however, Anderson signed the Sex Offender Special Instructions, which included, as Condition 20, that he abide by a curfew of 10:00 p.m. to 6:00 a.m. The probation officer equipped Anderson with a GPS monitoring ankle bracelet, and Anderson signed an agreement with monitoring conditions. According to data collected by the GPS device, Anderson violated his curfew 11 times between October 2022 and May 2023. In addition, Anderson tested positively for cocaine on April 13, 2023.

Anderson's probation officer reported this conduct in a major violation report (MVR) on June 6, 2023. The probation officer defined Anderson's progress as "unsatisfactory and . . . affect[ing] public safety." The violations were categorized as Condition 6 (follow the probation officer's instructions and be truthful, cooperative, and report as instructed), Condition 8 (not use or possess drugs or drug paraphernalia), and Condition 20 of the Sex Offender Special Instructions (observe curfew restrictions as directed by the probation officer). Based on the MVR, the police arrested Anderson on a capias on June 12, 2023.

At the July 6, 2023 revocation hearing, Anderson's probation officer provided the trial court with the Sentencing Revocation Report (SRR) indicating that Anderson had violated Conditions 6 and 8 of his probation, as well as Sex Offender Special Instruction Condition 20. The officer's

testimony detailed Anderson's curfew violations as reported through his GPS monitor, as well as his frequent terminations or evictions from crisis housing because of his behavior. Anderson was also reported for inappropriate and harassing behavior toward female participants in the Clear Vision program.

Anderson argued that the imposition of his curfew was not a reasonable condition of his probation in light of "the nature of his offense, his background, and surrounding circumstance[s]," which do not include that "any sort of offense happened at nighttime" to require a curfew. He maintained that the Commonwealth had not provided adequate information about the circumstances of his termination or eviction from housing. Anderson contended that the court did not know whether the positive test for cocaine indicated that the use of the drug was a willful use. He also asserted that any violation was at most a first technical violation for which the trial court could not impose an active sentence under Code § 19.2-306.1.

The trial court held that Anderson had violated the Sex Offender Special Instructions repeatedly by violating curfew and the GPS monitoring conditions, finding that none were unreasonable restrictions considering Anderson's history. The trial court also noted Anderson's frequent moves between housing facilities disrupted his probation supervision and that his harassing behavior toward females was unacceptable and "a major problem." The trial court revoked Anderson's five-year sentence, resuspended it for four years, and, ultimately, imposed an active one-year sentence. The trial court signed the SRR and found Anderson in violation "of [the] [c]onditions as [c]ited." Anderson appeals.

ANALYSIS

Anderson argues that the trial court erred in imposing an active sentence of one year.  He maintains that the active sentence exceeded the trial court's authority under Code § 19.2-306.1.[1]  We disagree.

Subject to certain conditions not at issue here, "in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).  "We have consistently held that the 'revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad.'"  *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)).  "On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'"  *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

"Code § 19.2-306(A) has always provided the 'statutory authority for a circuit court to revoke a suspended sentence.'"  *Id.* (quoting *Green*, 75 Va. App. at 77).  "Code § 19.2-306(C) was 'amended and reenacted' to provide that '[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1.'"  *Id.* (alteration in original) (quoting *Green*, 75 Va. App. at 78).  "The newly enacted Code § 19.2-306.1 limits the period of active incarceration that a circuit court can impose for what the statute refers to as certain 'technical violations' enumerated under [Code § 19.2-306.1(A)]."  *Id.*

---

[1] Anderson does not allege error to the trial court's findings relating to the reasonableness of the curfew imposition.

at 460-61 (quoting *Green*, 75 Va. App. at 78). "Whereas Code § 19.2-306(C) does not distinguish between types of violations, Code § 19.2-306.1 creates two tiers of probation violations: (1) technical violations, based on a probationer's failure to do one of ten enumerated actions, and (2) non-technical violations." *Id.* at 466. "[T]he conduct statutorily defined as technical violations are specific requirements imposed on all probationers supervised by probation officers . . . ." *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 193 (2023). By contrast, "[n]on-technical violations include 'convict[ion] of a criminal offense that was committed after the date of the suspension' and 'violat[ion of] another condition other than (i) a technical violation [in subsection (A)] or (ii) a good conduct violation that did not result in a criminal conviction.'" *Thomas v. Commonwealth*, 77 Va. App. 613, 622 (2023) (second, third, and fourth alterations in original) (quoting Code § 19.2-306.1(B)).

Code § 19.2-306.1 places limits on active sentences for first and second technical violations, allowing for no term of incarceration upon a first technical violation and granting circuit courts discretion to impose up to 14 days of incarceration for a second. Code § 19.2-306.1(C). "The court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation." *Id.* But under Code § 19.2-306.1(B), the trial court "may revoke the suspension and impose or resuspend any or all of that period previously suspended" for a violation other than a technical violation or a good conduct violation that did not result in a criminal conviction.

In *Diaz-Urrutia*, this Court found that "a sentencing court must engage in a four-step process to classify the basis of the revocation proceeding before determining what sentence it may impose." 77 Va. App. at 193. "First, the court must determine whether 'the violation conduct matches the conduct [specifically] listed in Code § 19.2-306.1(A).'" *Id.* (quoting *Delaune v. Commonwealth*, 76 Va. App. 372, 383 (2023)). "If so, then the defendant has

committed a technical violation and the sentencing limitations found in Code § 19.2-306.1(A) apply, regardless of whether the sentencing court included that conduct as 'another condition' of the defendant's suspended sentence." *Id.* at 194. "If the violation conduct does not match the conduct listed in Code § 19.2-306.1(A), the court must then determine whether 'another condition,' other than the generic good behavior condition of the defendant's suspended sentence covers the conduct." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.* Third, "[i]f the defendant's sentencing order contained no other condition matching the violation conduct, then the court must determine whether the conduct resulted in a new criminal conviction." *Id.* "If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1." *Id.* "Finally, if none of the above apply, then the court must determine whether the defendant has engaged in substantial misconduct amounting to a good conduct violation." *Id.*

Here, we need reach only the second step in the *Diaz-Urrutia* analysis to classify Anderson's probation violation. At least a part of Anderson's conduct in violation of probation did not match any of the enumerated technical violations in Code § 19.2-306.1(A), but violated the Sex Offender Special Instructions. At the beginning of his active probation, Anderson was equipped with a GPS monitoring device, as dictated by the original court-imposed conditions of his supervision. He signed a document acknowledging his understanding of the GPS monitoring rules. He also signed the Sex Offender Special Instructions, requiring that he comply with a curfew. But between October 2022 and May 2023 Anderson violated his curfew, and the GPS monitoring rules, 11 times. Therefore, upon finding Anderson in violation, the trial court's sentencing authority was not restricted by Code § 19.2-306.1(C), and the court had the discretion to "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

We thus reject Anderson's contention that the trial court imposed an unlawful active sentence for an alleged technical probation violation.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*